IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMY ANNE KOSIOREK )
) No. 15-278
v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disability and disability insurance benefits and supplemental security income benefits, based on physical and mental impairments. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). This appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ failed to properly evaluate her generalized anxiety disorder, and improperly considered her non-compliance with treatment.

In particular, Plaintiff takes issue with the ALJ's treatment of the opinion of Drs. Spain and Su. After Plaintiff's second visit with Dr. Spain, he completed a medical source statement. He stated a diagnosis of bipolar disorder, and cited agoraphobia and social anxiety as the bases for limitations that he imposed. Dr. Su, who completed a medical source statement after seeing Plaintiff once, gave Plaintiff a primary diagnosis of bipolar disorder. Dr. Su stated that the limitations he assigned were based on Plaintiff's "extremely unstable mood." The ALJ afforded little weight to the opinions of Drs. Spain and Su, for several reasons: the short treatment relationships, the inconsistency between the moderate GAF scores assigned by these providers,

2

which differed from the descriptions of extreme symptoms that were used to justify limitations; the lack of agoraphobia or anxiety diagnoses, the Plaintiff's activities, and Plaintiff's refusal to allow medication changes. Based on these considerations, the ALJ concluded that "Dr. Spain and Dr. Su's evaluations were both internally inconsistent and inconsistent with their records. In this context, the undersigned concludes that they are both entitled to little weight." Accordingly, the ALJ noted, accurately, that neither Dr. Su nor Dr. Spain diagnosed Plaintiff with an anxiety disorder. In addition, the ALJ plainly considered multiple factors, in addition to Plaintiff's diagnoses, in determining the weight to be afforded these providers' opinions. Moreover, I note that the ALJ accommodated Dr. Spain's notation that Plaintiff's anxiety makes working with the public or crowds extremely difficult, as the residual functional capacity assessment ("RFC") stated that she must avoid interaction with the general public, have only rare interaction with supervisors and co-workers, and engage in no work involving teams. I find no error in the ALJ's approach, and to the extent that he erred, I cannot find that such error prejudiced Plaintiff.

To the extent that Plaintiff complains about the ALJ's broader conclusions, beyond those regarding Drs. Spain and Su, I likewise find no error. In connection with his discussion of Plaintiff's limitations in the residual functional capacity ("RFC"), the ALJ observed that Plaintiff did not have any specific anxiety-based diagnoses. To prove this statement inaccurate, Plaintiff points to records from Erie Psychiatric Associates LLC. While it is unclear that the ALJ understood notations regarding generalized anxiety disorder to reflect formal diagnoses – and indeed, the records do not definitively clarify their character[1] -- the ALJ clearly considered all of the records from Erie Psychiatric Associates LLC and Dr. DeJohn, and specifically cited

---

[1] An initial evaluation form states, under the heading "Assessment/Plan," "Bipolar…/Generalized Anxiety Disorder." Other records from that provider likewise indicate "GAD" in the "Assessment/Plan" portion of progress note forms. However, from the same facility, other records show no similar notations under "Assessment/Plan" portion of progress note form. Cf. Bowers v. Colvin, 628 Fed. Appx. 169 (4th Cir. 2015).

3

thereto. Further, the ALJ considered those records alongside all of the other record evidence, and did not place any special emphasis or sole reliance on the lack of an anxiety diagnosis overall. In terms of the effect of this analysis on Plaintiff's credibility, the ALJ likewise considered credibility alongside the entire record, rather than the mere lack of an anxiety-related diagnosis. Under all of the circumstances, any error cannot be deemed other than harmless, and the ALJ's approach does not supply grounds for remand or reversal.

Plaintiff also objects to the ALJ's "hyper focus" on her non-compliance with treatment, because Plaintiff's refusal to change medication is referenced ten times in the ALJ's opinion. Typically, non-compliance is an issue that bears on whether a claimant's symptoms would improve if they complied with prescribed treatment. Accordingly, under certain circumstances, an ALJ must consider possible alternative explanations. See Jelinek v. Astrue, 662 F.3d 805 (7th Cir. 2011). As Plaintiff states, Dr. Su checked "yes" in response to the question, "is non-compliance part of your patient's symptoms?" He further noted, "lack of insight and poor judgment are common symptoms of her condition."

The ALJ's statements regarding Plaintiff's refusal to change medications, however, do not implicate principles applicable to non-compliance; Plaintiff's argument is misplaced. The ALJ did not rely on or point to instances indicating that Plaintiff refused or failed to comply with a prescribed treatment. Instead, he relied on evidence that Plaintiff felt that her medications were effective (or, in one instance, hoped to be effective), and that she was thus unwilling to change those medications or their dosages. For example, the ALJ cited to a note indicating that Plaintiff "has been on a current medication regiment for quite some time that she feels has been benefitting her. She is very skeptical of changing medications….and does not feel that she needs to change medications, 'If I'm doing okay by my standards anyway.'" Another note to which the

ALJ cited stated, "The therapeutic and side effects of these and other medications were discussed with Tammy, and Tammy is currently unwilling to have any changes in her medications." Nowhere does the ALJ's opinion indicate non-compliance with treatment as a consideration. Accordingly, I reject Plaintiff's contentions.

## CONCLUSION

In sum, although it is apparent that Plaintiff has experienced many difficulties and I empathize with her situation, applicable standards require that I deny her Motion and grant that of Defendant. An appropriate Order follows.

## ORDER

AND NOW, this 17th day of November, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court